UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BROWN,<br>Plaintiff,<br>-against-<br>TROOPER STEWART CONNER; TROOPER ESPINAL GARCIA, SHIELD NO. 349; NEW YORK STATE POLICE (TROOPER F BARRACKS); NEW YORK STATE,<br>Defendants. | 26-CV-7741 (KMK)<br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is detained in the Orange County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated September 25, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against New York State and the New York State Police (Trooper F Barracks) as barred by the Eleventh Amendment; and (2) directs service on New York State Troopers Conner and Garcia.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Eleventh Amendment immunity

The Court must dismiss Plaintiff's claims against New York State and the New York State Police (Trooper F Barracks). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York State Police, including its subdivisions and units, is an agency of the State of New York that is afforded Eleventh Amendment immunity. *See, e.g.*, *Riley v. Cuomo*, No. 2:17-CV-01631, 2018 WL 1832929, *4 (E.D.N.Y. Apr. 16, 2018) (holding that the New York State Police, as a division in the executive department of the state, is immune from claims under Section 1983); *Finkelman v. New York State Police*, No. 06-CV-8705, 2007 WL 4145456, *3 (S.D.N.Y. Nov. 15, 2007) (holding that the Eleventh Amendment barred the plaintiff's suit seeking monetary damages under Section 1983 against New York State Police).[2] Eleventh

[2] Furthermore, to the extent Plaintiff is seeking to sue the state police barracks, it is not a person subject to liability under Section 1983. *See, e.g.*, *Abdullah v. 28th Precinct*, No. 1:24-CV-0139, 2024 WL 404379, at *2 n.2 (S.D.N.Y. Jan. 29, 2024) (noting that a police precinct not a "person" withing the meaning of Section 1983).

Amendment immunity shields states and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims under Section 1983 against New York State and the New York State Police (Trooper F Barracks) under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B. Order of service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Troopers Conner and Garcia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against New York State and the New York State Police (Trooper F Barracks) for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because Plaintiff seeks monetary relief from a defendant that is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to issue a summons for Defendants Conner and Garcia, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 6, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Trooper Stewart Conner
New York State Police Troop F
369 Nininger Road
Monroe, NY 10950

2. Trooper Espinal Garcia, Shield No. 349
New York State Police Troop F
369 Nininger Road
Monroe, NY 10950